## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

KATRINA L. WEBSTER,

         *Plaintiff*,

   v.

KENNETH J. BRAITHWAITE, Secretary of
the Navy,

         *Defendant*.

No. 20-cv-0610 (DLF)

---

## MEMORANDUM OPINION

      Katrina L. Webster, acting pro se, brings this action against Kenneth J. Braithwaite in his official capacity as the Secretary of the Navy.[1]  She asserts various claims under Title VII.  42 U.S.C. § 2000e, *et seq.*  Before the Court is the Secretary's Motion to Dismiss.  Dkt. 12.  For the reasons that follow, the Court will grant the motion.

## I.      BACKGROUND

      Webster works as a secretary for Strategic Systems Programs, a division within the Department of the Navy.  *See* Compl. ¶¶ 8–9, 13, 18, Dkt. 1.  On May 20, 2017, Webster filed an equal employment opportunity (EEO) complaint alleging that she had been subjected to discrimination on the basis of race and in retaliation for her previous EEO activity when her supervisor, Captain Patrick Croley, allowed a contract employee to subject Webster to a hostile working environment.  *See id.* ¶¶ 12, 14.  Specifically, Webster alleged that one of the Navy's contract employees referred to her as "trouble," cautioned another employee that "[i]f you see

---

[1] When this suit began, Thomas Modly was the Acting Secretary of the Navy.  When Kenneth J. Braithwaite became the Secretary, he was automatically substituted as the proper defendant.  *See* Fed. R. Civ. P. 25(d).

[Webster], turn the other way," told Webster that he had warned her new supervisor to "watch out" for her, and attempted to remove a printer from her desk.  *See id.* ¶¶ 14–15.

After completing an investigation into Webster's claims, the Navy issued a final decision on January 8, 2018, concluding that Webster had "failed to prove that the [Navy] subjected her to discrimination as alleged."  Compl. Ex. A ("EEOC Decision") at 2–3, Dkt. 1-2.  On February 6, 2018, Webster appealed that decision to the Equal Employment Opportunity Commission (EEOC) pursuant to 29 C.F.R. § 1614.403(a).  *Id.* at 2.

On February 14, 2020, the EEOC upheld the Navy's determination that Webster had not been subjected to a hostile work environment.  *See id.* at 4.  It determined that Webster had "failed to demonstrate a causal link between the alleged harassment and her protected characteristics," *see id.* at 4 n.2, and thus, it declined to consider whether the alleged working conditions were sufficiently severe or pervasive to constitute a hostile work environment, *see id.*

The EEOC did find, however, that Croley had wrongfully disclosed Webster's prior EEO activity to Tarik Yameen, a Navy employee who served as the Fire Control and Guidance Branch Deputy.  *See* Compl. ¶ 12.  While Webster had not raised this claim administratively, *see id.* ¶ 25; *see also* EEOC Decision at 2, 6, the EEOC concluded that Croley's disclosure, "on its face," constituted unlawful retaliation and determined that "compensatory damages may be awarded should [Webster] be able to show she suffered a compensable harm as a result of the disclosure."  *Id.* at 6–7.  Accordingly, the EEOC ordered the Navy to undertake a supplemental investigation with respect to this potential claim within ninety days.  *See id.* at 7, 13–14.

In addition, the EEOC reviewed the Navy's antiharassment policy "in its entirety," *see id.* at 7, and found that it did not fully comply with Management Directive 715—the policy guidance that the EEOC "provides to federal agencies for their use in establishing and

maintaining effective" EEO programs—for two reasons. *See id.* at 7–8, 12–13. First, the Navy's antiharassment policy did not "set out with specificity the complaint procedures by which an employee may raise a claim of harassment, including time frames for the processing of . . . harassment allegations as well as naming officials who can receive such claims." *Id.* at 12. Second, the policy did "not provide notice of the requisite confidentiality accorded to the filing of claims of harassment." *Id.* The EEOC thus ordered the Navy "to seek technical assistance from the Commission's Office of Federal Operations, Federal Sector Programs, and to correct the deficiencies" in the Navy's antiharassment policy that it had identified. *See id.* at 13.

The written EEOC decision advised Webster that she had thirty days to file a request for the Commission to reconsider its decision. *See id.* at 15 (citing 29 C.F.R. § 1614.405). It also informed Webster that she had the right to file a civil action within ninety days, *see id.* at 16, but warned her that doing so would terminate the administrative processing of her EEO complaint, *see id.*

Webster filed this action on March 2, 2020. *See* Compl. Thereafter, the Secretary filed the instant motion to dismiss*, see* Mot. to Dismiss, Dkt. 12, which is fully briefed.

## II.   LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard does not amount to a specific probability requirement, but it does require

"more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*, 550 U.S. at 557 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  A complaint need not contain "detailed factual allegations," but alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

Well-pleaded factual allegations are "entitled to [an] assumption of truth," *id.* at 679, and the court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted).  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted).  However, "the Supreme Court has made clear that . . . there is no requirement 'that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'"  *Jean-Pierre v. Fed. Bureau of Prisons*, 880 F. Supp. 2d 95, 100 (D.D.C. 2012) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Although a pro se complaint is generally entitled to liberal construction, *see Washington v. Geren*, 675 F. Supp. 2d 26, 31 (D.D.C. 2009), the assumption of truth does not apply to a "legal conclusion couched as a factual allegation," *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).  An "unadorned, the defendant-unlawfully-harmed-me accusation" is not credited; likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

When deciding a Rule 12(b)(6) motion, the court may consider only the complaint itself, documents attached to the complaint, documents incorporated by reference in the complaint, and judicially noticeable materials. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). A Rule 12(b)(6) dismissal "is a resolution on the merits and is ordinarily prejudicial." *Okusami v. Psychiatric Inst. of Wash., Inc.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992).

## III.    ANALYSIS

Although it is difficult to determine the precise nature of Webster's claims,[2] the complaint includes two counts. *See* Compl. at 10–11. The first alleges that Webster "suffered retaliatory action when she was not promoted in 21 plus years thus forcing her to remain in [a] low grade Secretarial position for more than 21 years." *See id.* ¶¶ 31–35. The second count appears to assert a claim for damages based on the problems with the Navy's antiharassment policy that the EEOC identified in its February 14, 2020 decision. *See id.* ¶¶ 11, 30, 37.

### A.    Count I

In count I, Webster alleges that she "suffered retaliatory action when she was not promoted . . . forcing her to remain in a low grade Secretarial position for more than 21 years." *Id.* ¶ 35. While additional details regarding this claim are sparse, the title of the count is "Retaliation" and it specifically references four EEO complaints: EEO complaint numbers "11-00030-02576; 12-00030-00282; 09-00030-00674; [and] 15-00030-01985." *See id.* at 10.

---

[2] For example, the complaint lists various "issues presented," *see, e.g.*, Compl. ¶¶ 10–12, but it also asserts a retaliatory non-promotion claim that is seemingly unrelated to those issues, *id.* ¶¶ 33–35. The complaint also does not clearly indicate which of the complaint's "factual allegations"—largely direct quotations from the EEOC's February 14, 2020 decision—are associated with each claim, *see, e.g., id.* ¶¶ 17–30. Although pro se complaints are construed liberally and held to less stringent standards than pleadings drafted by lawyers, courts decline to "parse every possible claim advanced" where a pro se plaintiff enumerates certain claims and the complaint is otherwise "imprecise and difficult to comprehend." *See Canen v. Wells Fargo Bank, N.A.*, 118 F. Supp. 3d 164, 166 (D.D.C. 2015).

Because Webster has already litigated claims associated with those EEO complaints in a separate case before this Court, *see Webster v. Spencer*, No. 17-cv-1472, 2020 WL 2104231 (D.D.C. May 1, 2020), she is precluded from raising them here.

"The doctrine of res judicata prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983). "Under the claim preclusion aspect of res judicata, a final judgment on the merits in a prior suit involving the same parties or their privies bars subsequent suits based on the same cause of action." *Jacobsen v. Oliver*, 201 F. Supp. 2d 93, 102 (D.C. Cir. 2002) (internal quotation marks omitted). This "prevents parties from relitigating issues they raised or could have raised in a prior action on the same claim." *Id.* (internal quotation marks omitted). Claim preclusion bars a plaintiff's claims when "there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006).

All four of those elements are satisfied here. In previous litigation, Webster filed various Title VII claims against the Secretary, alleging that "multiple Navy employees ha[d] colluded . . . to deny her promotions, bonuses, and awards," in retaliation for her prior EEO activity, *see Webster*, 2020 WL 2104231, at *1 (internal quotation marks omitted). This Court ruled in favor of the Secretary on all claims, including those that were based on the same EEO complaints that Webster relies upon here. *See id.* at *3 n.5, 13 (granting the Secretary's motion for summary judgment with respect to claims associated with complaint numbers 11-00030-02576, 12-00030-00282, and 15-00030-01985); *id.* at *11 (dismissing claims associated with complaint number 09-00030-00674 for failure to timely exhaust administrative remedies); *see also Ham v. District*

*of Columbia*, No. 16-cv-1720, 2017 WL 1628872, at *1–2 (D.D.C. May 1, 2017) (recognizing dismissal of Title VII claims on exhaustion grounds constitutes a judgment on the merits under the claim preclusion doctrine).  Finally, Webster "does not contest that this Court is a court of competent jurisdiction."  *See Arpaio v. Robillard*, 459 F. Supp. 3d 62, 67 (D.D.C. 2020).  Thus, her retaliation claim is "barred by claim preclusion," *id.*, and count I will be dismissed.[3]

### B.     Count II

Turning to count II—a claim titled "Harassment"—Webster appears to seek damages on the grounds that the Navy's antiharassment policy does not fully comply with EEOC Management Directive 715, as outlined by the EEOC in its February 14, 2020 decision.  *See* Compl. ¶ 37.  This count also fails to state a claim.

By regulation, the Navy is required to comply with EEOC directives, *see* 29 C.F.R. § 1614.102(e); *see also* 42 U.S.C. § 2000e-16(b), and the EEOC is charged with overseeing compliance with EEO programs, *see* 29 C.F.R. § 1614.102(e); *see also* 42 U.S.C. § 2000e-16(b).  Title VII, however, does not vest Webster, or any other individual, with a cause of action to enforce general EEOC policies; it instead is designed to make individuals whole for injuries that flow from unlawful employment discrimination, *see Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975), and "creates only a cause of action for discrimination," *Young v. Sullivan*, 733

---

[3] Even construing Webster's complaint liberally, *see Washington*, 675 F. Supp. 2d at 31, Webster does not state a retaliation claim with respect to Croley's disclosure of Webster's prior EEO activity.  Although Webster lists "reprisal" as one of the "issues presented," *see* Compl. ¶ 12, and quotes repeatedly from the EEOC's analysis and findings with respect to Croley's disclosure as part of the complaint's "background" or "factual allegations," *see, e.g., id.* ¶¶ 17–29, 31, she does not clearly enumerate such a claim in either of its two counts, *see id.* at 10–11.  Nor does she reference the relevant EEO complaint number in either count, though she does refer to others.  *Compare id.* (alleging that the claim numbers relevant to count I are: "11-00030-02576; 12-00030-00282; 09-00030-00674; [and] 15-00030-01985"), *with* EEOC Decision at 2 (listing the relevant claim number as "17-00030-01579").

F. Supp. 131, 132 (D.D.C. 1990), *aff'd*, 946 F.2d 1568 (D.C. Cir. 1991).  Under Title VII, an

"employee's claims must, at a minimum, relate to allegations of discrimination," *Achagzai v.*

*Broad. Bd. of Governors*, 170 F. Supp. 3d 164, 175 (D.D.C. 2016), but Webster bases her

"Harassment" claim on generalized concerns regarding the Navy's "handling of harassment

claims," *see* Compl. ¶ 37; *see also id.* (alleging that the Navy's antiharassment policy has been

deficient "for the duration of [Webster]'s employment"), as opposed to specific allegations of

discrimination that Webster personally experienced.[4]

        To the extent that Webster's complaint, liberally construed, alleges an independent

hostile work environment claim that is unrelated to the claims this Court addressed in *Webster*,

2020 WL 2104231, *see supra* Part I.A, it fails as a matter of law.  Webster's allegations—that a

contract employee referred to her as "trouble," cautioned another employee that "[i]f you see

[Webster], turn the other way," told Webster that he'd warned her new supervisor to "watch out"

for her, and attempted to remove a printer from her desk, *see* Compl. ¶ 15—are not "sufficiently

severe or pervasive to alter the conditions of the victim's employment and create an abusive

working environment."  *Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008) (quoting

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)); *see Nat'l R.R. Passenger Corp. v. Morgan*,

536 U.S. 101, 116 (2002) (noting that the workplace must be permeated with "discriminatory

intimidation, ridicule, and insult"); *see also Nurriddin v. Bolden*, 674 F. Supp. 2d 64, 93–94

(D.D.C. 2009) (plaintiff failed to state a claim for relief where his claim was based, in part, on

allegations that management "unfairly reprimanded and criticized [the plaintiff], made

disparaging remarks about his EEO complaints, closely scrutinized his work, . . . and engaged in

---

[4] For the reasons stated in note 3, *supra*, the Court does not construe Webster's complaint to allege a retaliation claim with respect to Croley's disclosure of her prior EEO activity.

a series of discussions to end his eligibility for workers' compensation and to terminate his employment at NASA, before finally firing him" (internal quotation marks omitted)).  Because Webster does not allege a viable discrimination claim under Title VII, count II will be dismissed.

## CONCLUSION

For the foregoing reasons, the Secretary's motion to dismiss is granted.  A separate order consistent with this decision accompanies this memorandum opinion.

DABNEY L. FRIEDRICH
United States District Judge

December 14, 2020